UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

DEVONTA FLOOD,

    Plaintiff,

v.                                  CIVIL ACTION NO. 5:21-cv-00193

WARDEN,

    Defendant.

## ORDER

Pending is Respondent's Motion to Dismiss, [Doc. 14], filed on September 22, 2021. This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Aboulhosn filed his PF&R on December 15, 2021. [Doc.17]. Magistrate Judge Aboulhosn recommended that the Court grant Respondent's Motion to Dismiss, dismiss Petitioner's Petition for Writ of Habeas Corpus, and remove the matter from the Court's Docket. [*Id.*]

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." (emphasis added)). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's

right to appeal the Court's order.[1] *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection"); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections in this case were due on January 3, 2022. No objections were filed.

Accordingly, the Court **ADOPTS** the PF&R [Doc. 17], **GRANTS** Respondent's Motion to Dismiss [Doc. 14], **DISMISSES** the Petition for Writ of Habeas Corpus [Doc. 2], and **REMOVES** the matter from the docket.

The Court directs the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party.

ENTER: February 3, 2022



Frank W. Volk
United States District Judge

---

[1] The PF&R was sent to Mr. Flood by mail but was returned as undeliverable. [Doc. 18]. The Court took extraordinary steps to locate Mr. Flood, including utilizing the West Virginia Division of Corrections and Rehabilitation Offender Search, but was unable to do so. Mr. Flood is required to maintain a current address with the Clerk. L.R. Civ. P. 83.5 ("A pro se party must advise the clerk promptly of any changes in name, address, and telephone number."). Thus, Mr. Flood's failure to file objections by the deadline is not excused by the inability to deliver the PF&R.